Revised, August 17, 1998

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30479

SYSTEMS CONTRACTORS CORPORATION,

Plaintiff-Appellee,

VERSUS

ORLEANS PARISH SCHOOL BOARD, ET AL,

Defendants,

KENNETH J. DUCOTE,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana

August 12, 1998

Before WISDOM, KING, and DAVIS, Circuit Judges.

WISDOM, Senior Circuit Judge:

Dr. Kenneth J. Ducote, the Director of Facility Planning for the Orleans Parish School Board, appeals from the district court's denial of his motion for summary judgment based upon qualified immunity in this 42 U.S.C. § 1983 suit arising out of the School Board's disqualification of Systems Contractors Corp.'s (Systems) bid to do electrical work at the Robert E. Lee Elementary School. We find that Systems failed to allege the violation of a constitutional right under current law. Accordingly, we hold that Ducote was entitled to summary judgment on his qualified immunity defense. We reverse the decision of the district court.

I.

In 1993, the School Board issued a request for proposals for electrical and intercom work to be performed at the Robert E. Lee Elementary School. Systems submitted the only bid in response to this advertisement. As part of the completed questionnaire Systems was required to submit, Systems denied that it had ever failed to complete a contract that had been awarded to it. The

School Board received reports from the U.S. Navy, the Jefferson Parish School Board, and the Orleans Parish Levee Board questioning Systems' ability to perform services adequately under contracts similar to the one upon which Systems bid. The School Board also experienced problems with prior projects that the Board awarded to Systems. As a result, the School Board initiated proceedings to disqualify Systems' bid on the Robert E. Lee project and sought to bar Systems from bidding upon future projects.[1]

Ducote was responsible for the initial evaluation of Systems' bid. He instituted the Claims Board proceedings under which Systems was disqualified. Alvi Anderson-Mogilles was appointed as the hearing officer. Ducote submitted, in writing, the reasons to disqualify Systems, along with supporting documentation. He also presented the School Board's position to Mogilles at a hearing. Systems' representatives also presented their position and supporting documentation to Mogilles at this hearing. The documentation presented by both sides is included in the record on appeal, but no transcript of the hearing was made. After the hearing, Mogilles recommended the disqualification of Systems' bid as well as temporary debarment of Systems' right to bid on future contracts advertised by the School Board.[2]

The School Board was scheduled to hear the issue of the ratification of Mogilles's decision at its meeting on December 13, 1993. Before this meeting, however, Systems entered into settlement negotiations with the School Board. The issue of the ratification was postponed. After settlement talks failed, the issue was rescheduled for the School Board's meeting of May 16, 1994. Systems received written notice of this meeting. The School Board postponed, once again, its consideration of this issue until June 13, 1994, when the School Board heard from Ducote and Systems'

---

[1]   Under Louisiana's bid law, government projects are awarded to the lowest responsible bidder. La. R.S. § 38:2212(A). The lowest bid may be rejected if that bidder is found to be "irresponsible". La. R.S. § 38:2212(J). Before disqualification can occur, the governmental body seeking the disqualification must give written notice, including the reasons for the disqualification, to the bidder, and the bidder must have an opportunity to refute those charges at an informal hearing. La. R.S. § 38:2212(J).

[2]   In its brief, Systems argues that Ducote was also a member of the hearing panel that decided Systems' fate.

2

representatives.  Then the School Board approved Mogilles's recommendation.

Systems filed this 42 U.S.C. § 1983 suit in the district court alleging that the School Board, its individual members, Mogilles, and Ducote violated Systems' substantive and procedural due process rights.  On February 16, 1996, the defendants filed a motion for summary judgment.  The district court denied that motion with respect to the School Board and the defendants in their official capacities and granted the motion with respect to the Board members, Mogilles, and Ducote in their individual capacities.  On October 2, 1997, Systems moved the district court to reconsider its decision which was based on qualified immunity.  On April 10, 1997, the district court reaffirmed its decision with respect to all of the named defendants except Ducote.  Because Ducote was aware of the procedural due process requirements articulated by the Louisiana Supreme Court in *Haughton Elevator Division v. State*,[3] the district court found that an issue of fact regarding the objective reasonableness of Ducote's actions precluded summary judgment.[4] Ducote appeals. Ducote does not challenge the district court's finding that genuine issues of fact prevented the court from granting summary judgment on the objective reasonableness of his actions.  Instead, Ducote argues that the district court erred in relying upon *Haughton* when determining whether Systems alleged the violation of a constitutional right under current law and when determining what was the clearly established law at the time Ducote acted.

II.

A district court's decision denying summary judgment based upon the defense of qualified immunity is immediately appealable under the collateral order doctrine to the extent that the decision is based upon conclusions of law.[5]  When a district court's denial is based upon the existence of a

---

[3]    367 So.2d 1161 (La. 1979).

[4]    The district court found that no issue of fact existed regarding the objective reasonableness of the other individual defendants' actions.  They were shielded from liability because they had relied upon the legal interpretations of the School Board's attorney when deciding how to proceed.

[5]    *Petta v. Rivera*, 1998 WL 303902, *2 (5th Cir. 1998).

genuine issue of fact, however, the district court's decision is not immediately appealable.[6] To deprive this Court of jurisdiction to hear this appeal, the disputes of fact must be central to the issue of qualified immunity.[7] In the present case, Ducote challenges the district court's denial of summary judgment, arguing that the district court erred in relying upon the Louisiana Supreme Court's *Haughton* decision.[8] This is purely a legal question. We have jurisdiction to hear Ducote's appeal. Our review of the district court's denial of summary judgment based on qualified immunity is *de novo*.[9]

III.

Government officials performing discretionary functions enjoy the protection of qualified immunity in § 1983 cases.[10] Officials are immune if their actions are "objectively reasonable" in the light of "clearly established law" at the time their actions are taken.[11] In *Siegert v. Gilley*, the Supreme Court established a two-step analysis for qualified immunity cases.[12] First, we determine whether the plaintiff alleged the violation of a clearly established constitutional right under currently applicable law.[13] Then, we determine whether the defendant's actions were objectively reasonable in the light of the clearly established law at the time the defendant acted.[14] We do not reach *Siegert's*

---

[6] *Id.*

[7] *Wren v. Towe*, 130 F.3d 1154, 1157-8 (5th Cir. 1997).

[8] After finding that the *Haughton* rules were applicable to this case, the district court denied Ducote's motion for summary judgment because it found that there was a material dispute of fact regarding the objective reasonableness of Ducote's actions. In this appeal, Ducote challenges the district court's reliance upon *Haughton*. He does not argue that his actions were objectively reasonable. As a result, only the district court's legal analysis is before us.

[9] *Wren*, 130 F.3d. at 1158.

[10] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[11] *Id.*

[12] *Siegert v. Gilley*, 114 L.Ed.2d 277, 287 (1991).

[13] *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993).

[14] *Id.* at 105.

4

second prong unless the first prong is satisfied.[15]

Systems alleges a violation of its right to procedural due process when the School Board disqualified its bid on the Robert E. Lee Elementary School project and temporarily barred Systems from bidding on future school board projects. Systems alleges the deprivation of both a protected property interest and a protected liberty interest.[16] Some level of procedural due process was required. The question is, how much process was due.

In *Mathews v. Eldridge,* the Supreme Court adopted a balancing test for procedural due process.[17] At a minimum, notice and a hearing are required before an individual may be deprived of his property or liberty interests.[18] But, "[d]ue process is flexible and calls for such procedural protections as the particular situation demands."[19] Under the test articulated in *Mathews v. Eldridge*, the specific process due in a particular situation is found by balancing three factors: (1) the private interest that will be affected by the official's actions, (2) the risk of an erroneous deprivation of that private interest and the probable value, if any, that additional procedural protections would provide, and (3) the interest that the government seeks to achieve.[20]

The parties agree that notice and an opportunity to be heard were required before the School Board could disqualify Systems' bid and bar Systems from bidding on future projects. The parties also agree that Systems was given written notice and an opportunity to be heard in this case. Systems argues that it was denied procedural due process, however, because it was not notified of the School

---

[15] *See County of Sacremento v. Lewis*, 118 S.Ct. 1708, 1714 n.5 (1998).

[16] To determine whether Systems had a property interest in the Robert E. Lee Elementary School contract and a liberty interest in bidding on future School Board contracts, we look to state law. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). In *Haughton,* the Louisiana Supreme Court found that these interests were protected under the Due Process Clause of the Fourteenth Amendment. 367 So. 2d at 1165.

[17] 424 U.S. 319 (1976).

[18] *Id*. at 333.

[19] *Id*. at 334.

[20] *Id*. at 335.

Board's decision to disqualify its bid before that bid was awarded to another contractor and because no transcript of Systems' hearing before the Claims Board was kept. Systems relies upon the Louisiana Supreme Court's decision in *Haughton Elevator Division v. State*, a decision addressing the same bid laws at issue in this case.[21]

In *Haughton*, the Louisiana Supreme Court concluded that, before a bidder could be disqualified as "irresponsible" in a case like the present one, four procedural steps must be followed: (1) the bidder must be given formal written notice that the School Board is considering disqualifying the bidder; (2) the bidder must be given an opportunity to respond to the charges in writing, and, where feasible, an opportunity to meet with the Board to discuss the charges; (3) the bidder must be given formal written notice that he has been disqualified before the project is awarded; and (4) the records of the disqualification hearing must be preserved so that the bidder can receive an appropriate judicial review of that decision if so desired.[22]

Before today, this Court has not considered whether the two additional requirements of *Haughton* are required by the U.S. Constitution. Today, we hold that they are not.[23] To reach this conclusion we have considered the treatment of individuals in analogous positions, and we have balanced the interests discussed by the Supreme Court in *Mathews*.

After an extensive search of federal case-law for decisions setting the procedural due process requirements for disqualifying and barring bidders on governmental contracts, we have found few cases on point. This issue has been raised many times, but, unlike Louisiana, many states do not recognize a protected property interest in government contracts until those contracts are actually

---

[21]  367 So.2d 1161 (La. 1979).

[22]  *Id*. at 1166.

[23]  Although state court's have the authority to decide issues of federal constitutional law, state court decisions are not binding upon the federal courts. *See Grantham v. Avondale Insus. Inc*, 964 F.2d 471, 473 (5th Cir. 1992). Accordingly, we are not bound by *Haughton's* interpretation of the procedural due process clause.

6

awarded.[24]   *Rutigliano Paper Stock v. U.S. General Services Administration[25]* is helpful..  In that case, involving a bidder suspended from bidding on contracts with the federal government, the district court found that a bidder had a protected liberty interest in bidding on future contracts.[26]   That protected interest was a significant one.  The government also had significant interests in ensuring that its contracts were completed and in avoiding the burdens of a full-blown trial in every case.[27]  After balancing these interests, the court concluded that procedural due process was satisfied by notice and an opportunity to be heard.[28]  The interests involved in the current case are the same as those at issue in *Rutigliano*.

In many respects, the position of Systems is also similar to that of a government employee. The interest of Systems in the Robert E. Lee Elementary School Project is both a financial interest and an interest in its professional reputation, much like an employee's interest in continued employment.  When Systems' bid was disqualified, Systems lost a source of income as well as the benefits to its reputation from completing a successful project.  When an employee is terminated, the employee loses a source of income plus the experience gained from working.  It is well-settled that, before termination, government employees are entitled to notice and a hearing.[29]  The parties admit that these two requirements are met.

We reject Systems' argument that procedural due process was not satisfied in this case in that

---

[24]   *See, e.g. Independent Enterprises, Inc. v. Pittsburgh Water and Sewer Authority*, 103 F.3d 1165, 1178 (3d Cir. 1997); *Buckley Const., Inc. v. Shawnee Civic & Cultural Development Authority*, 933 F.3d 853, 857-9 (10th Cir. 1991); *Hanten v. The School District of Riverview Gardens*, 1998 WL 313543 (E.D.Mo. 1998).

[25]   967 F.Supp 757 (S.D.N.Y. 1997).

[26]   *Rutigliano Paper Stock v. U.S. Gen. Services Adm.*, 967 F.Supp 757, 764-6 (S.D.N.Y. 1997).

[27]   *Id.*

[28]   *Id.* at 766.

[29]   *Fowler v. Smith*, 68 F.3d 124, 127 (5th Cir. 1995); *Williams v. Texas Tech Univ. Health Science Ctr.*, 6 F.3d 290, 293 (5th Cir. 1993); *White v. South Park Ind. School Dist.*, 693 F.2d 1163, 1166-7 (5th Cir. 1982).

7

the School Board failed to keep a transcript of the proceedings. Although it would be wise to keep a transcript in most cases, we find that no transcript was required. A transcript would not lessen the probability of an erroneous deprivation of Systems' property and liberty interests. The bulk of the evidence in this case is documentary evidence that is in the record and available for review in any post-deprivation proceedings.[30]

## IV.

Louisiana's post-deprivation remedies are adequate to protect Systems and other bidders from any erroneous or arbitrary deprivations of their liberty and property interests. Louisiana law provides for a cause of action to enjoin a governmental body from executing a contract with other bidders.[31] The law also allows for a previously awarded contract to be set aside in some circumstances.[32] Finally, the Louisiana Supreme Court has not foreclosed the possibility of a suit for damages, provided, of course, that the aggrieved bidder timely pursued his or her other available avenues of relief.[33] In these circumstances, then, we conclude that no additional pre-deprivation procedures were required to satisfy due process.

Systems' final argument, that it was denied its procedural due process rights because Ducote

---

[30] The reason given to support *Haughton's* due process requirement for keeping "records" was to provide "the basis for any subsequent judicial review which might be sought by the bidder". *Haughton Elevator Div. v. State*, 367 So.2d 1161, 1166 (La. 1979).

[31] La. R.S. 38:2220. In relevant part, that statute provides:

"The district attorney in whose district a violation of this Part occurs, the attorney general, or any interested party may bring suit in the district court through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this Part, or through ordinary proceeding to seek appropriate remedy to nullify a contract entered into in violation of this Part."

La. R.S. 38:2220(B). In some circumstances, the statute also provides for civil penalties against members of governmental bodies that violate the public bid laws. La. R.S. 38:2220 (C).

[32] La. R.S. 38:2220(B).

[33] *See Airline Const. Co. v. Ascension Parish School Bd.*, 568 So.2d 1029 (La. 1990). *See also MBA Medical, Inc. v. Jefferson Parish Hosp.*, 707 So.2d 467 (La.Ct.App. 1998); *Webb Const., Inc. v. City of Shreveport*, 665 So.2d 653 (La.Ct.App. 1995).

acted as an investigator, a prosecutor, and a judge in the disqualification of Systems, is without merit even if we accept Systems' position that Ducote was part of the Claims Board. The Orleans Parish School Board reviewed the Claims Board's recommendation. Before accepting the Claims Board's recommendation, the School Board gave Systems an opportunity to present its case directly to the Board. Finally, as previously discussed, Louisiana law provides an adequate post-deprivation remedy before an impartial adjudicator. In these circumstances, no procedural due process violation has occurred.[34]

## V.

For the foregoing reasons, the judgment of the district court is REVERSED.

---

[34] *See Schaper v. City of Huntsville*, 813 F.2d 709, 714-6 (5th Cir. 1987); *Davis v. Mann*, 721 F.Supp 796, 801 (S.D.Miss. 1988). Systems' reliance upon *Valley v. Rapides Parish School Board*, 118 F.3d 1047 (5th Cir. 1997), is misplaced. In *Valley*, we found that an impartial decision-maker was required in a predeprivation hearing when the school board's actions would result in irreparable injury. The evidence in *Valley* showed that the discharge of the school superintendent for incompetence and inefficiency would inflict an injury upon the superintendent that could not be remedied by a monetary award. *Id*. at 1056-7. In the present case, there is no evidence of irreparable injury. Louisiana law protected Systems' interests adequately.