417 So.2d 6 (1982)
MILLETTE ENTERPRISES, INC. and Herman W. Bartels
v.
STATE of Louisiana Through the DIVISION OF ADMINISTRATION AND the BOARD OF TRUSTEES OF the STATE EMPLOYEES GROUP BENEFITS PROGRAM, and Continental National Assurance Co.
No. 14876.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
Writ Denied July 2, 1982.
*7 Michael S. Fawer, New Orleans, and Michael S. Baer, III, Douglas C. Ellis, Baton Rouge, for plaintiffs-appellants Millette Enterprises, Inc. and Herman W. Bartels.
Thomas McFerrin, Stevens J. White, Baton Rouge, for defendant-appellee Div. of Admin.
Tommy D. Teague, Baton Rouge, for defendant-appellee Bd. of Trustees, State Employees Group Benefits Program.
Carlos G. Spaht, Paul H. Spaht, Baton Rouge, for defendant-appellee Continental Assur. Co.
Ernest L. Johnson, Baton Rouge, for defendant-intervenor-appellee Will Belton and Associates, Inc.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
LOTTINGER, Judge.
This is a suit by Millette Enterprises, Inc., a prospective bidder on a contract to provide insurance claims processing services, and Herman W. Bartels, a citizen and taxpayer of Louisiana, against the State *8 through the Division of Administration[1] and the Board of Trustees of the State Employees Group Benefits Program (Board). Also made a party defendant is Continental Assurance Company (CNA), sued erroneously as Continental National Assurance Company. The suit originally sought a temporary restraining order, preliminary and permanent injunctions, mandamus and declaratory judgment. It was amended to seek monetary damages, penalties, and attorney's fees. From a judgment sustaining peremptory exceptions of no cause of action, plaintiffs have appealed.

FACTS
This suit arose when the Board sent out invitations to bid on a contract for insurance claims processing services. Two companies responded, plaintiff Millette Enterprises and defendant CNA. CNA was the company who had previously provided the claims administration services. At the first bid opening, Millette was the low bidder. The Board decided to refuse all bids and issue a second invitation. The second invitation differed from the first as to qualifications of prospective bidders. The first invitation required that bidders have five years experience in claims administration and currently provide claims processing services to at least one employer-sponsored client with a group size of 10,000 covered employees. The second invitation differed in that it required that bidders be currently providing processing services to one self-insured or self-funded medical expense benefit plan of 10,000 employees (as opposed to an employer-sponsored plan).
The Board received bids on the second invitation from Millette, CNA, and two others. Millette was the lowest bidder and CNA the highest. However, only CNA of the four bidders had experience with a self-insured benefits plan. The other three bidders, including Millette, had experience only in employer-sponsored programs. For this reason, the Board awarded the contract to CNA on November 24, 1980. Millette sent a letter of protest December 3, 1980, because it was the low bidder. The Board responded two days later by telling Millette that it had not met bid specifications.
Before the contract could be signed, Millette and Bartels brought suit seeking a temporary restraining order, preliminary and permanent injunctions, mandamus and declaratory judgment. Millette alleged that it was denied due process because its bid on the first invitation was refused without allowing it to defend its fiscal responsibility. The first bid invitation was issued November 6, 1979, and the second invitation was issued on September 25, 1980. Plaintiffs contend that the new Procurement Code, La.R.S. 39:1551 et seq., came into effect on July 1, 1980, and therefore the second invitation to bid issued by the Board was illegal because the authority to issue bids under the Procurement Code is given to a "central purchasing agency." Plaintiffs further contend that the requirement that bidders be currently providing processing services to a self-insured or self-funded expense benefit plan was arbitrary and capricious, and was imposed for the purpose of creating a "closed specification" that excluded all bidders except CNA. Plaintiffs finally contend that these bids had been discussed in a private meeting of the Board's administrative committee, and that this meeting contravened La.R.S. 42:4.1 et seq., the "Open Meetings Law."
The instant suit was filed on December 19, 1980, and a temporary restraining order was issued the same day. Testimony relative to a preliminary injunction was received on December 29, 1980, and on December 30, the Board resolved to offer no opposition to the request for a preliminary injunction enjoining the signing of the contract between the Board and CNA. The Board further resolved to handle the claims administration duties itself, rather than give the job to CNA or Millette. The preliminary injunction issued on January 5, 1981.
*9 Plaintiffs subsequently supplemented their petition to assert a claim for money damages, alleging bad faith in the actions taken by the Board in connection with the solicitation and selection of bids.
CNA and the State through the Board of Trustees filed the dilatory exception of prematurity and vagueness and the peremptory exception of no cause of action in response to plaintiff's original petition for injunctive relief. CNA and the State then filed the peremptory exception of no cause of action in response to plaintiffs' supplemental and amending petition seeking monetary damages, penalties and attorney's fees. It is from the judgment sustaining the exceptions of no cause of action that plaintiffs have appealed.

SPECIFICATIONS OF ERROR
The plaintiffs-appellants allege that the trial court erred in maintaining the exceptions of no cause of action since the law provides for a cause of action in cases such as this under tort law (La.Civ.Code art. 2315), as well as specific statutory provisions for monetary damages under the Louisiana Procurement Code (La.R.S. 39:1551 et seq.) and the "Open Meetings Law" (La. R.S. 42:4.1 et seq.).

I
It must first be noted that this case is before the court on a peremptory exception of no cause of action. A no cause of action exception raises the issue of whether the law grants a remedy to anyone for the particular harm alleged by the petition. When the exception of no cause of action is raised, all the allegations of the petition are accepted as true and no evidence is admissible to support or defeat the exception. Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir. 1979); Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir. 1977).

II
The allegations of plaintiffs' petitions can be summarized as follows: invitations for bids were issued and plaintiff was the low bidder, but both bids were rejected and plaintiff was not given an opportunity to defend its fiscal ability to perform; new bids were invited with different specifications than the original invitation, and again plaintiff was the low bidder; plaintiff protested the difference in the specifications as being a "closed specification" without a meaningful distinction; the bids of plaintiff and the other bidders, except for CNA, were rejected as not being responsive to the invitations; the decision to reject the second bids was made in a closed meeting; the second bid invitation was issued by the Board rather than the central purchasing agency in violation of the Louisiana Procurement Code and contained a closed specification in violation of La.R.S. 38:2294; the Board at a previous court hearing was unable to show any difference between the specification in the first and second invitations; the awarding of the contract to CNA was arbitrary and capricious; the action of the Board was taken solely for the purpose of avoiding having to award the contract for claims administration to Millette; and the action of the Board was taken in bad faith.
Plaintiffs-appellants contend that accepting these allegations as true, they have alleged a cause of action for injunction and/or damages under Louisiana tort law, the Louisiana Procurement Code, and under the Open Meetings Law.
In essence what plaintiffs allege is that the entire activity of the Board in inviting bids from the first instance onward demonstrates a bad faith design on the part of the Board to award the administration services contract to no other bidder than CNA, and in the absence of CNA being the successful bidder, to take upon itself the administration of the health insurance program. Further, plaintiffs contend that the Board has a duty to act fairly and not in an arbitrary, capricious and bad-faith manner, and to do otherwise was a breach of that duty under La.Civ.Code art. 2315. Because of the breach of this duty, Millette alleges it has suffered certain monetary damages.
*10 The resolution of the issues of whether the Board was required to allow Millette to defend its fiscal responsibility after the rejection of the first bids, whether there was a "closed specification" in the second bid invitation, whether there was a closed meeting, and whether the second invitation should have been issued by the central purchasing agency rather than the Board is really of no moment. Such allegations are important at this stage of the proceedings only to that extent to which they may state a cause of action.

III
We are of the opinion that when the allegations of the original and supplemental and amending petitions are taken as true, as they must be, then the plaintiffs have stated a cause of action.
The statutory law requiring that all public work done by a public entity shall be advertised and let by contract to the lowest responsible bidder was enacted in the interest of the taxpaying citizens and has for its purpose their protection against contracts of public officials entered into because of favoritism and possibly involving exorbitant and extortionate prices. Haughton Elevator Division v. State, Division of Administration, 367 So.2d 1161 (La.1979). The general law can impose no less duty on the public entity or agency than that it conduct the public's business in a fair, unarbitrary and uncapricious manner. La.Civ. Code art. 2315 imposes the general rule that he whose fault causes damage to another is obliged to repair it. This principle has been recognized by the Legislature in adopting the Louisiana Procurement Code, and in particular La.R.S. 39:1553, which provides:
"A. Supplementary general principles of law applicable.
"To the extent not inconsistent with the particular provisions of this Chapter, the principles of Louisiana law shall supplement its provisions.
"B. Obligation of good faith.
"Every contract or duty within this Chapter imposes an obligation of good faith in its performance or enforcement. `Good faith' means honesty in fact in the conduct or transaction concerned and the observance of reasonable commercial standards of fair dealings."
The public entity or agency can no more invite bids for the furnishing of services, or the purchase of materials and supplies, when its design and intent is to declare a predetermined bidder as successful or else reject all bids, than it can award a contract without fulfilling the requirements of the law.
Stated another way, plaintiffs allege that the Board was determined to award the services contract to CNA, that the first bids were rejected because CNA was not the low bidder, and the Board rewrote the specifications in an attempt to limit the probable bidders, and then, after having awarded the contract to CNA from the second bids, the Board acquiesced in the issuance of a preliminary injunction. If all the allegations of the petitions are proven, then by design and predetermination the Board has caused Millette to expend time, effort and money in preparing bids when there was never any chance of Millette being awarded the contract. If true and if proven, is this acting fairly and in the best interest of the public? We think not, and therefore hold that a cause of action has been stated.

IV
The Board filed the dilatory exception of prematurity arguing that plaintiffs failed to exhaust their administrative remedies. Specifically the Board refers to the administrative remedies for "pre-litigation resolution of controversies" found in La. R.S. 39:1671 et seq. However, La.R.S. 39:1671 A contains permissive rather than mandatory language because it provides that "any person ... aggrieved ... may protest to the chief procurement officer." There is no indication in the statutory scheme that the legislature intended the administrative remedy as a prerequisite to a judicial resolution of the controversy. Therefore, the dilatory exception is without merit.

*11 V
CNA also filed the peremptory exception of no cause of action which was maintained by the trial court in its judgment. Plaintiffs have not complained of this ruling, therefore same is affirmed.
Therefore, for the above and foregoing reasons, the judgment of the trial court insofar as it maintained the peremptory exception of no cause of action for and on behalf of the State of Louisiana through the Board of Trustees of the State Employees Group Benefits Program is reversed, and in all other respects, the judgment of the trial court is affirmed and this matter is remanded for further proceedings consistent with the views expressed hereinabove. Costs of this appeal in the amount of $1,124.01 are assessed to the Board.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
NOTES
[1] The Division of Administration was dismissed on a peremptory exception of no cause of action and is not a party to this appeal.