437 So.2d 922 (1983)
NORTH CENTRAL UTILITIES, INC., Plaintiff-Appellant,
v.
WALKER COMMUNITY WATER SYSTEM, INC., Defendant-Appellee.
No. 15531-CA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 1983.
*923 Joe D. Guerriero, Monroe, for plaintiff-appellant.
Culpepper, Teat & Caldwell by Bobby L. Culpepper, Jonesboro, for defendant-appellee.
Before PRICE, MARVIN and SEXTON, JJ.
SEXTON, Judge.
Plaintiff sued defendant for its alleged failure to comply with Louisiana's public bid law in rejecting plaintiff's bid to construct a water distribution system. Defendant filed a peremptory exception of no cause of action. The trial court sustained this exception, dismissing plaintiff's claims. We reverse.
Plaintiff-appellant herein is North Central Utilities, Inc., (hereinafter referred to as North Central), a utilities firm whose business activities include the construction of water distribution systems. Defendant-appellee is Walker Community Water Systems, Inc., (hereinafter referred to as Water System), a non-profit entity based in Jackson Parish, Louisiana.
Plaintiff North Central sued defendant Water System on November 24, 1982, alleging that Water System illegally rejected a sealed bid by North Central to build a water distribution system for Water System. Plaintiff North Central urged in its petition, more specifically, the following allegations: Water System, a public entity, advertised prior to June 1982 for bids to construct a water distribution system; North Central submitted a bid in response to Water System's advertisement, which complied with Water System's specifications and requirements and included a properly executed bid bond; North Central submitted the lowest bid received by Water System$81,517.09; Water System nevertheless awarded the construction contract for the water system to Mid South Tank and Utilities, Inc., whose bid exceeded that of North Central by more than $5,000. Plaintiff alleged, lastly, that although North Central submitted the lowest bid and despite the fact that this bid was rejected by Water System, Water System did not give North Central written notice of the disqualification of its bid nor did it provide written reasons therefor.
North Central sued for $42,705.70 for the damages, expenses and lost profits occasioned by Water System's rejection of its bid. North Central further reserved its right to collect $42,308.43 for potential future liability arising from agreements between North Central and its material suppliers made in anticipation of the granting of the bid.
Defendant Water System answered plaintiff's petition by filing a peremptory exception of no cause of action pursuant to LSA-C.C.P. Art. 927. The trial court sustained defendant's exception in a judgment rendered February 2, 1983, and dismissed plaintiff's claims.
The law is well-settled that, in judging an exception of no cause of action, all of the allegations of the petition are to be accepted as true and no evidence is admissible. Thus, assuming the plaintiff's allegations to be true, the exception can be sustained only when the plaintiff has not stated a claim under the applicable substantive law. Frain as Tutrix of Beason v. State Farm Insurance Co., 421 So.2d 1169 (La. App. 2d Cir.1982); Millette Enterprises, Inc. v. State Division of Administration, et al., 417 So.2d 6 (La.App. 1st Cir.1982).
LSA-R.S. 38:2212 A (1) provides in pertinent part that "All public work exceeding [in cost] ... the sum of five thousand dollars... to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised...." (emphasis added). The same subsection and paragraph provides that "[N]o such public work shall be done ... except as provided in this Part."
LSA-R.S. 38:2212(J) mandates that
"If the public entity letting the contract proposes to disqualify any bidder, such public entity shall:

*924 (1) Give written notice of the proposed disqualification to such bidder and include in the written notice all reasons for the proposed disqualification; and
(2) Give such bidder, who is proposed to be disqualified the opportunity to be heard at an informal hearing at which such bidder is afforded the opportunity to refute the reasons for the disqualification."
The Louisiana Supreme Court, in Haughton Elevator Division v. State, 367 So.2d 1161 (La.1979), declared that "[A] low bidder may ... sue to set aside the award of the contract to another bidder and may enjoin the agency from the execution of such contract, where the agency arbitrarily rejected the low bid." Haughton Elevator, supra, at 1164. The court perceived Louisiana's public bid law to be "a prohibitory law based on public policy," and observed that "[the bid] law does not permit the arbitrary selection of one [bid] which is higher and the rejection of others which are lower." Haughton Elevator, supra, at 1164, 1165.
The court asserted, moreover, that the rights of the lowest responsible bidder, protected under LSA-R.S. 38:2212, were further insured by the procedural due process guarantees of the Fourteenth Amendment. The court clearly indicated that a public entity's administrative decision to reject the offering of the lowest bidder is governed by the constitutionally mandated procedural safeguards of the Fourteenth Amendment. Thus, a lowest bidderwhose bid had been rejectedwas held to be entitled to notice of the consideration of its disqualification prior to the awarding of the contract; an informal hearing affording an opportunity to respond to charges against it; a post-hearing notice of disqualification; and a record of the disqualification proceeding for purposes of judicial review. Haughton Elevator, supra, at 1166. The court stated that a lowest bidder, denied these procedural protections, could be entitled to injunctive relief and/or monetary damages, Haughton Elevator, supra, at 1169. See also, Note, "Shaping Specific Procedural Requirements for Disqualification Under Louisiana's Public Bid Law," 40 La.L.Rev. 871 (La.1980).
Most nearly on point here is Millette Enterprises, Inc. v. State, 417 So.2d 6 (La.App. 1st Cir.1982), in which the First Circuit reversed the trial court's action in sustaining the peremptory exception of no cause of action where the plaintiff's petition alleged that a public entity rejected the bid of the lowest responsible bidder without hearing or explanation. As this court stated in Taylor & Taylor Builders, Inc. v. Moore, 393 So.2d 792, 794 (La.App. 2d Cir.1981), "The lowest responsible ... bidder has the right to be awarded the advertised contract, if the contract is awarded to any bidder, and that right is enforceable at law."
This plaintiff, North Central, has expressly stated or clearly implied in its petition that it was the lowest responsible bidder for a public work contract let by a public entity exceeding $5,000, and that, although plaintiff met advertised specifications, the contract was awarded to another higher bidder without granting plaintiff written notice or an informal hearing.
Assuming these allegations to be trueas is required in evaluating the peremptory exception of no cause of action plaintiff has stated a cause of action under LSA-R.S. 38:2212 and the aforementioned interpretations thereof.
The trial court sustained the exception on the finding that the defendant water system was not a public entity as plaintiff had alleged. While the allegation that defendant is a public entity is arguably a conclusion, the plaintiff's petition contains other allegations of fact which, if accepted as true, might justify this conclusion. We are required to test the factual allegations of a petition to which an exception of no cause of action has been filed most favorably to the pleader and without considering other evidence. Under these circumstances, we must find that the trial court erred in sustaining the exception.
The judgment of the trial court sustaining defendant's peremptory exception of no cause of action and dismissing plaintiff's *925 claim is therefore reversed, and this cause is remanded to the district court for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.