E. GRADY JOLLY, Circuit Judge:
This cause arises under 42 U.S.C. § 1983. Marco Outdoor Advertising, Inc., (“Marco”) contends that the Regional Transit Authority (“RTA”) deprived it of property without due process of law when, in violation of the Louisiana Public Bid Law, La. R.S. § 38:2211, et seq. (“Public Bid Law”), RTA arbitrarily awarded an advertising contract (“Contract”) to an inferior bidder, Clear Channel Outdoor, Inc. (“Clear Channel”). The district court held that because the Public Bid Law does not apply to this Contract, the state had created no property right in favor of prospective bidders such as Marco,[1] and consequently, Marco, having no protected property interest, had failed to state a constitutional due process claim. The district court therefore dismissed the case for lack of federal question jurisdiction.
The issue presented and argued by the parties, both at trial and on appeal, is whether the Public Bid Law applies to this Contract (thereby creating a property interest), a difficult and unclear claim under Louisiana law. Marco contends that it applies; RTA and Clear Channel contend that it does not. We find it unnecessary to decide this question because we hold that, even assuming the Public Bid Law applies and creates a property interest in this Contract, Louisiana state courts provide an adequate procedural remedy for the alleged deprivation.[2] We therefore AFFIRM the dismissal of Marco’s complaint for failure to state a federal claim.
*672 I.
On August 6, 2004, RTA initiated Request for Proposals No.2004-015, under which it sought sealed bids from advertising contractors for proposals that would generate revenue for RTA by placing advertisements on RTA’s vehicles, transit shelters, and transit benches. RTA received bids from six contractors, including Marco and Clear Channel. The parties dispute whose bid is financially superior, that is, which will generate more advertising revenue for RTA. On May 24, 2005, in response to Marco’s inquiries, RTA informed Marco that RTA planned to award the Contract to Clear Channel two days later on May 26.
Marco took action, however, and on May 25, Marco filed this 42 U.S.C. § 1983 suit against RTA in federal district court. Marco sought an injunction preventing RTA from awarding the Contract to Clear Channel and a writ of mandamus ordering RTA to award the Contract to Marco. In the district court and on appeal, Marco argues that its bid is financially superior to Clear Channel’s bid, and that under the Public Bid Law, RTA must award the Contract to Marco, which allegedly submitted the best bid. Marco maintains that under the Public Bid Law, it has a property right protected by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution. This constitutional question is the sole basis for federal question jurisdiction. Although no injunction was issued, the bidding process apparently came to a halt.
On August 23, 2005, following a two-day bench trial, the district court dismissed Marco’s complaint for lack of jurisdiction. The district court concluded that the Public Bid Law did not apply to the Contract, and accordingly, that RTA was not required to award the Contract to the most favorable bidder. Therefore, even if Marco submitted the best bid, it had no right under state law to receive the Contract and thus no property right in receiving the Contract. Consequently, Marco could not claim a deprivation of a constitutionally-protected property right by the RTA. Because the federal question basis of its law suit was eliminated, the district court dismissed for lack of jurisdiction. Marco now appeals.
II.
As we have earlier suggested, we will assume for the purposes of this appeal that Marco has a property right in its bid. This is not enough, however. The Fourteenth Amendment also requires that the plaintiff, in order to establish a constitutional violation, prove that the deprivation of the property right occurred without due process of law. See Baker v. McCollan, 443 U.S. 137, 145, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).[3] Thus, even if the *673 Public Bid Law applies to the disputed Contract, and the state has thus created a protected property right in the bidding process for Marco, Marco -must further show that the state has failed to provide Marco some legal process to challenge RTA’s action. The due process claim before us relates only to the adequacy of procedures that the state provides to a property owner before it takes away the property.
Thus, for purposes of this appeal, the state may satisfy due process requirements by providing an adequate pre-depri-vation remedy.[4] An adequate remedy requires that, before it acts, the state must provide notice and an opportunity for a hearing to the property owner, see Systems Contractors Corp. v. Orleans Parish Sch. Bd., 148 F.3d 571, 575-76 (5th Cir.1998) (applying Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)), for “[w]hen protected interests are implicated, the right to some kind of prior hearing is paramount,” Bd. of Regents v. Roth, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The “root requirement” of due process is “that an individual be given an opportunity for a hearing before he is deprived of any significant property interest.” McKesson Corp. v. Div. of Alcoholic Beverages and Tobacco, Dept. of Bus. Regulation of Fla., 496 U.S. 18, 37, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990) (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)). For example, a state court injunction available before the deprivation “of any significant property interest” constitutes an adequate pre-deprivation remedy. See id. at 36-37, 110 S.Ct. 2238 (“[t]he State may choose to provide a form of ‘predeprivation process,’ for example, by authorizing taxpayers to bring suit to- enjoin imposition of a tax prior to its payment”); see also Nat’l Private Truck Council, Inc. v. Okla. Tax Comm’n, 515 U.S. 582, 587, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995) (explaining McKesson); Harper v. Va. Dept. of Taxation, 509 U.S. 86, 101-02, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) (applying McKesson to Virginia’s tax laws); Rex Realty Co. v. City of Cedar Rapids, 322 F.3d 526, 529 (8th Cir.2003) (holding that notice of condemnation and availability of a state court injunction, writ of mandamus, and writ of certiorari in an eminent domain case satisfied due process); McKenzie v. City of Chicago, 118 F.3d 552, 554-58 (7th Cir.1997) (holding that a state court injunction was an adequate pre-deprivation remedy in á condemnation case, where the property owner received notice 30 days before the demolition *674 and could file an injunction that automatically halted any demolition plans by the city).[5]
Here, the state provides unsuccessful bidders with adequate notice and hearing. Specifically, the state provides adequate notice when RTA announces a contract award, which puts losing bidders on notice that they will be deprived of any alleged property interest in the bid if they fail to take further action. There is no showing here that the notice in this case was inadequate. Furthermore, the state guarantees unsuccessful bidders the right to a hearing through the Public Bid Law, which authorizes any unsuccessful bidder to sue in Louisiana state court to enjoin the public entity from awarding the contract. See La. R.S. § 38:2220(B). According to the Louisiana Supreme Court, “Louisiana jurisprudence has long recognized that while a public body has some discretion in awarding public contracts, subject to judicial review, an unsuccessful bidder may sue to enjoin the public body from executing the contract or to set aside the award of the contract to another bidder when the public body acted arbitrarily in selecting the successful bidder.” Airline Constr. Co., Inc. v. Ascension Parish Sch. Bd., 568 So.2d 1029, 1032 (La.1990) (citation omitted). As the Louisiana Supreme Court noted in Airline Construction, the Louisiana Legislature amended La. R.S. § 38:2220 in 1979 to recognize expressly the right to injunc-tive relief when a public entity violates the Public Bid Law. Id. at 1032-33. Under the statute:
The district attorney in whose district a violation of this Part [i.e., the Public Bid Law] occurs, the attorney general, or any interested party may bring suit in the [Louisiana] district court through' summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this Part, or through ordinary proceeding to seek appropriate remedy to nullify a contract entered into in violation of this Part.
La. R.S. § 38:2220(B). There are no prerequisites that an aggrieved interested party must complete before bringing an injunction in Louisiana district court.[6]
*675 Because an unsuccessful bidder may seek an immediate injunction through a summary proceeding, and because the injunction may enjoin the execution of the contract, the injunction prevents the deprivation “of any significant property interest” and is therefore an adequate pre-deprivation remedy. See McKesson, 496 U.S. at 36-37, 110 S.Ct. 2238.[7] The summary proceeding, together with RTA’s announcement of the contract award, satisfies the elements of the due process prong of the Due Process Clause that are at issue in this case.
III.
We thus conclude: We assume for the purposes of deciding this appeal that the Public Bid Law applies to Marco’s bid and that Marco has properly alleged a property interest in the right to receive the Contract; nevertheless, we conclude that Marco’s procedural due process claim fails. The Public Bid Law explicitly authorizes Marco to seek state court injunctive relief to enjoin RTA from awarding the contract to Clear Channel. For the reasons given, we hold that Marco has failed to show that it has been denied due process of law provided in the Fourteenth Amendment. Accordingly, the judgment of the district court dismissing the case for failure to state a federal claim is
AFFIRMED.

. Under Louisiana jurisprudence, the Public Bid Law creates a property right in the highest responsible bidder to receive a contract that will generate revenue for a state entity. HTW Transp. Co., Inc. v. New Orleans Aviation Bd., 527 So.2d 339, 342 (La.App. 4 Cir. 1988); cf. Haughton Elevator Div. v. State ex rel. Div. of Admin., 367 So.2d 1161, 1165 (La.1979) (creating a property right in the lowest responsible bidder to receive a public works contract).

. At the Court’s request, the parties submitted supplemental briefs on this issue.

. There is no merit to Marco’s claim of substantive due process. Substantive due process "bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.’ ” Zinermon v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (quoting Daniels v. Williams, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). To state a viable substantive due process claim, "the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence.” McClendon v. City of Columbia, 305 F.3d 314, 325 (5th Cir.2002). As this Court observed in McClendon, "[t]he Supreme Court’s discussions of abusive executive action have repeatedly emphasized that ‘only the most egregious official conduct can be said to be arbitrary in the constitutional sense.’ ” Id. at 325-26 (quoting County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (quoting Collins v. City of Harker Heights, 503 U.S. 115, 129, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992))(internal quotations omitted)). The plaintiff must therefore demonstrate that the *673 abuse of power by the state official "shocks the conscience.” McClendon, 305 F.3d at 326 (quoting County of Sacramento, 523 U.S. at 846, 118 S.Ct. 1708). Here, even if the Public Bid Law applies, RTA's decision to award the Contract to Clear Channel instead of Marco is not so arbitrary so as to "shock the conscience.” See id. Accordingly, Marco does not have a viable substantive due process claim. The dissent, in reaching the opposite conclusion, fails to cite a single case where this Court or any court has found a substantive due process violation under similar circumstances.

. In some situations, however, a post-deprivation remedy will satisfy due process requirements if the deprivation results not from established state procedure but from a random and unauthorized action of a state agent. Parratt v. Taylor, 451 U.S. 527, 541, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled in part not relevant here, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); see also Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 S.Ct. 1148, 71. L.Ed.2d 265 (1982); Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Woodard v. Andrus, 419 F.3d 348 (5th Cir.2005); Caine v. Hardy, 943 F.2d 1406 (5th Cir.1991).

. Because the Supreme Court has specifically stated that a state court injunction may satisfy due process as an adequate pre-deprivation remedy, see, e.g., McKesson, 496 U.S. at 36-37, 110 S.Ct. 2238, there is no merit to the dissent's assertion that due process requires a state entity to provide an administrative remedy. Nor are Systems or Haughton controlling in this case; unlike the case before us, Systems and Haughton were disqualification cases, that is, disqualification from having a bid considered. See Systems, 148 F.3d at 573; Haughton, 367 So.2d at 1164. In that context, Systems and Haughton addressed whether a state entity's administrative remedies satisfied due process requirements for exclusion of a bidder from the bidding process. See Systems, 148 F.3d at 575-76; Haughton, 367 So.2d at 1166. Here, however, we are not dealing with a disqualification case. As far as the record shows, Marco's bid was accepted and considered as one of the six bids. Marco does not argue that RTA has disqualified it from bidding on this Contract or on any future RTA contract.

. An interested party need not inform the Louisiana attorney general prior to bringing suit, as generally required under La. R.S. § 38:2220.3. La. R.S. § 38:2220.3 does not apply to actions brought by the district attorney, the attorney general, or an interested party under La. R.S. § 38:2220. See La. R.S. § 38:2220.1 ("It is the intent of the legislature in enacting R.S. 38:2220.1 through 2220.4 to authorize private citizens and other entities to institute a civil action against public entities to deter the construction of public works or the purchase of materials and supplies in violation of the provisions of R.S. 38:2211 et seq. The provisions of these Sections shall not be construed to eliminate or reduce any causes of action or other forms of relief provided by existing law, including but not limited to suits authorized by R.S. 38:2220.”).
*675 Nor, in bids for RTA projects, must an aggrieved bidder exhaust RTA administrative remedies prior to bringing suit. The RTA protest procedures state that "[a]ny person who is aggrieved in connection with the solicitation or award of a contract may protest to the Director of Procurement/TMSEL.” In Millette Enterprises, Inc. v. State, 417 So.2d 6 (La.App. 1 Cir.1982), the Louisiana First Circuit Court of Appeals held that similar language in La. R.S. § 39:1671 was permissive rather than mandatory, such that an aggrieved party did not need to exhaust administrative remedies before filing suit. Id. at 10.

. To the extent Systems suggested that state court injunctive relief is a post-deprivation remedy, see 148 F.3d at 576, the Supreme Court has indicated otherwise, see McKesson, 496 U.S. at 36-37, 110 S.Ct. 2238. Regardless, the Systems Court had already held that the state entity provided an adequate pre-deprivation remedy through prior notice and a separate hearing, see id. at 575-76, and given that an adequate pre-deprivation remedy is sufficient by itself to satisfy the requirements of due process, see Harper, 509 U.S. at 101, 113 S.Ct. 2510, Systems’ discussion of injunctive relief is dicta.
Because the injunctive relief provides Marco with an adequate pre-deprivation hearing, , this case is clearly distinguishable from Par-ratt and its progeny. In those cases, unlike the one before us, the deprivation occurred without any prior hearing. See, e.g., Zinermon, 494 U.S. at 114-15, 120, 122, 110 S.Ct. 975 (complainant involuntarily held in mental hospital for five months without prior hearing); Hudson, 468 U.S. at 520, 104 S.Ct. 3194 (complainant inmates' property intentionally destroyed by prison officer without prior hearing); Logan, 455 U.S. at 426, 102 S.Ct. 1148 (complainant discharged from employment without prior hearing); Woodard, 419 F.3d at 350 (complainant charged excessive fees by court clerk without prior hearing); Caine, 943 F.2d at 1407-08 (complainant doctor’s clinical privileges at hospital suspended without prior hearing).