# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2013

No. 12-30675
Summary Calendar

Lyle W. Cayce
Clerk

NOBLES CONSTRUCTION, L.L.C.,

Plaintiff–Appellant

v.

WASHINGTON PARISH; RICHARD N. THOMAS, JR., Individually and as
President of Washington Parish; LEO LUCCHESI, Individually and as
Director of Public Works for Washington Parish; CHARLES E. MIZELL,
Individually and as Mayor of City of Bogalusa; LANDWORKS,
INCORPORATED; BOGALUSA CITY,

Defendants–Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-2616

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Nobles Construction, Inc. ("Nobles") appeals the dismissal of its due process challenge for failure to state a claim. Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30675

Louisiana law provides adequate process and because the state officials' alleged actions were not so arbitrary as to shock the conscience, we AFFIRM.

## I. BACKGROUND

The Choctaw Road Landfill (the "Landfill") is a Type II solid waste disposal facility located in Franklinton, Louisiana. In 1995, Washington Parish and the City of Bogalusa entered into a joint venture to acquire, operate, and maintain the Landfill. They granted Landworks, Inc. the exclusive right to operate the Landfill, and Landworks was to retain this right until its contract expired on June 1, 2011. The Parish and the City also established the Choctaw Road Landfill Joint Venture Solid Waste Committee (the "Committee") to oversee the Landfill operations and the administration of Landworks' contract. Louis Michael Creel, Landworks' owner, served on the Committee.

In March 2011, with Landworks' contract soon to expire, the Parish and the City sent out a Request for Proposals regarding the future operation of the Landfill. Five companies responded, and a Review Panel was appointed to evaluate the proposals. The Review Panel consisted of four members appointed by Richard Thomas, the Parish's president, and three members appointed by Charles Mizell, the City's mayor.

Of the five companies, Nobles submitted the lowest bid. Under its proposal, operation of the Landfill would cost $49,860 per month. Landworks' bid was the second lowest, with a price of $69,674 per month. The Review Panel, however, awarded Landworks a higher evaluation score, which was based on ratings the Panel members gave each proposal in eight individual categories. The Review Panel also contacted Creel and requested that he lower Landworks' bid to $62,500 per month, which Creel agreed to do. Based on this revised proposal and the evaluation scores, the Review Panel voted to recommend awarding the contract to Landworks.

No. 12-30675

The Review Panel's decision was covered in a May 17 article in the *Bogalusa Daily News*. After seeing the article, Nobles contacted Leo Lucchesi, the Parish's Public Works Director, to discuss Nobles's low evaluation score as well as the Review Panel's decision to award the contract to Landworks despite Nobles's lower bid. Lucchesi declined to discuss the matter. On May 23, the Parish Council introduced an ordinance to accept the recommendation to award the contract to Landworks. After a public hearing, the Council voted to approve the Review Panel's recommendation and granted authority to execute the contract with Landworks on June 7, 2011.

Four months later, Nobles sued the Parish, Richard Thomas, Leo Lucchesi, the City, Charles Mizell, and Landworks. Nobles argued that Louisiana's Public Bid Law, La. Rev. Stat. Ann. §§ 38:2211–38:2227, governed the proposal process and required the Parish and the City to accept the lowest bid. Because they did not, Nobles requested a writ of mandamus to either reopen the proposal process or award the contract to Nobles. Nobles also sought damages under § 1983, alleging that its due process rights had been violated in the bidding process. Specifically, Nobles argued that it had obtained a property interest in the contract by submitting the lowest bid and that the Parish and the City deprived it of that property interest without due process.[1]

Defendants moved to dismiss Nobles's § 1983 claims under Federal Rule of Civil Procedure 12(b)(6), and the district court granted the motions. The court found that even if the Public Bid Law applied and Nobles had a property interest in the contract, the legal process available to Nobles was sufficient. Additionally, the court determined that the Parish's and the City's alleged behavior was not so egregious as to constitute a violation of substantive due

---

[1] Louisiana courts have interpreted the Public Bid Law to create "a right in the lowest responsible bidder to receive the advertised contract." *Haughton Elevator Div. v. La. Div. of Admin.*, 367 So. 2d 1161, 1165 (La. 1979).

process. As a result, the court found that Nobles had failed to state a valid § 1983 claim and dismissed the case, declining to exercise supplemental jurisdiction over of the remaining state law issues. Nobles timely appealed.

## II. DISCUSSION

Nobles argues that the district court incorrectly dismissed both its procedural due process claim and its substantive due process claim. We address each in turn.

### A.     *Standard of Review*

We review a district court's grant of a motion to dismiss de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). Those facts, however, must "state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011). A complaint is insufficient if it offers only "labels and conclusions," or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.     *Procedural Due Process*

We have previously considered a procedural due process challenge involving Louisiana's Public Bid Law. In *Marco Outdoor Advertising, Inc. v. Regional Transit Authority*, the Regional Transit Authority ("RTA") sought to generate revenue by placing advertisements on its vehicles. 489 F.3d 669, 672 (5th Cir. 2007). It requested proposals from advertising contractors and reviewed six bids, including one from Marco Outdoor Advertising, Inc. and one from Clear Channel. *Id.* Two days before the contract was to be executed, RTA informed Marco that Clear Channel would receive the contract. *Id.* Believing it had submitted a superior bid, Marco sued RTA under § 1983. *Id.* Marco claimed it was deprived of the property interest it obtained in the contract by submitting the best bid and that this deprivation occurred without due process

4

of law. *Id.* The district court disagreed, concluding that Marco had no property interest in the contract because Louisiana's Public Bid Law did not apply. *Id.*

We affirmed on different grounds. Rather than analyze the applicability of Louisiana's Public Bid Law, we assumed for purposes of appeal that it applied and that Marco had a property interest in the contract. *Id.* Thus, the only question remaining was whether "the state ha[d] failed to provide Marco some legal process to challenge RTA's action." *Id.* at 673. No such failure was shown. Instead, we held that "the state provides adequate notice when RTA announces a contract award, which puts losing bidders on notice that they will be deprived of any alleged property interest in the bid if they fail to take further action." *Id.* at 674. Additionally, "the state guarantees unsuccessful bidders the right to a hearing through the Public Bid Law, which authorizes any unsuccessful bidder to sue in Louisiana state court to enjoin the public entity from awarding the contract." *Id.* Thus, "[b]ecause an unsuccessful bidder may seek an immediate injunction through a summary proceeding, and because the injunction may enjoin the execution of the contract, the injunction prevents the deprivation 'of any significant property interest' and is therefore an adequate pre-deprivation remedy." *Id.* at 675. The availability of this summary proceeding, coupled with the notice provided by the announcement of the award, "satisfie[d] the elements of the due process prong of the Due Process Clause." *Id.*

Faced with this contrary authority, Nobles has failed to show how its case is distinguishable. Even if we assume as the court did in *Marco* that Louisiana's Public Bid Law applies and that Nobles has a property interest in the contract, the same procedures that were found to be adequate and available to Marco are also adequate and available to Nobles. Nobles attempts to argue that it should have received notice of any alleged deficiencies in its proposal and been given an opportunity to challenge those deficiencies. But as we noted in *Marco*, the announcement of the contract award itself is sufficient to notify losing bidders

of the potential deprivation of any alleged property interest. Nobles could have immediately challenged the validity of that award in the summary proceeding provided for under Louisiana's Public Bid Law and protected its property interest by seeking to enjoin the contract's execution.[2] The availability of these options ensured that Nobles was provided with some legal process to challenge the Parish's and the City's actions.

Nobles disputes the adequacy of this legal process by arguing that *Marco* was incorrectly decided. Whatever the merits of its challenges to *Marco*, we lack the authority to overrule the decision of another panel. *See CRG Partners Grp., LLC v. Neary* (*In re Pilgrim's Pride Corp.*), 690 F.3d 650, 663 (5th Cir. 2012) ("[A] panel of three judges may not unilaterally overrule or disregard the precedent that has been established by our previous decisions.").[3] As a result, Nobles's procedural due process claim must fail.

## C. *Substantive Due Process*

We discussed the nature of a substantive due process claim in *Marco* as well: "Substantive due process bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." 489 F.3d at 672 n.3 (internal quotation marks omitted). Thus, a viable

---

[2] The provision of the Public Bid Law authorizing the summary proceeding to enjoin the contract award provides as follows:

[A]ny interested party may bring suit in the district court through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this Part, or through ordinary proceeding to seek appropriate remedy to nullify a contract entered into in violation of this Part.

La. Rev. Stat. Ann. § 38:2220(B).

[3] Nobles further contends that *Bowlby v. City of Aberdeen*, 681 F.3d 215 (5th Cir. 2012), calls *Marco*'s holding into question. We reject this argument. *Bowlby* concluded that the state law right to appeal the revocation of a business license *after* the revocation took place did not constitute adequate pre-deprivation process. 681 F.3d at 222. By contrast, *Marco* held that the Louisiana procedure at issue here gives sufficient pre-deprivation process because it allows an unsuccessful bidder to enjoin a public entity from awarding a contract in the first place. 489 F.3d at 674.

substantive due process claim requires a showing that the state official "acted with culpability beyond mere negligence." *Id.* The official's abuse of power must be such that it "shocks the conscience." *McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002). As a result, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Marco*, 489 F.3d at 672 n.3.

Nobles contends that its allegations would support such a showing. Specifically, Nobles alleges that the Parish and the City acted arbitrarily in the bidding process (1) by refusing to meet or discuss the bidding process with Nobles, (2) by not requiring Landworks to comply with all proposal specifications, (3) by overlooking material omissions in Landworks' proposal, and (4) by giving Landworks preferential treatment in allowing it to revise its bid. Nobles also alleges improper conduct related to Creel, Landworks' owner. Nobles argues that Creel was wrongly allowed to serve on the Solid Waste Committee and that he also took Charles Mizell, the City's mayor, on a golf trip to Alabama during the proposal process. Nobles believes that these allegations taken together are sufficient to state a plausible substantive due process claim.

But much of the behavior Nobles alleges was also present in *Marco*. Though the majority opinion did not discuss the factual background of the government's actions in that case, Judge Wiener's dissent provided a summary of Marco's allegations. For example, Marco had alleged (1) that it submitted the best overall bid while Clear Channel's was a distant third, (2) that "RTA subjectively evaluated the proposals with a previously-undisclosed, arbitrarily weighted formula," (3) that RTA provided Clear Channel with bonus points that Clear Channel had not earned and that were not awarded to any other bidders, and (4) that RTA allowed Clear Channel, and Clear Channel alone, to revise its bid before awarding Clear Channel the contract. *Marco*, 489 F.3d at 677 (Wiener, J., dissenting). Despite these actions, we held that there was "no merit

to Marco's claim of substantive due process" because "RTA's decision to award the Contract to Clear Channel instead of Marco [was] not so arbitrary so as to shock the conscience." *Id.* at 672 n.3 (internal quotation marks omitted).

The result must be the same for Nobles. Nobles attempts to distinguish its allegations from those in *Marco* by challenging Creel's influence in the decision-making process. But that does little to help Nobles's claim, as those allegations are only tangentially related to the contract award. Nobles argues that Creel's presence on the Solid Waste Committee was improper, but the only influence Nobles identifies is that Creel was allowed to assist in setting the specifications for the requested proposals—specifications that it does not challenge. Additionally, the only potential relevance of Nobles's allegation regarding Creel's golf trip with Mizell is that Mizell appointed three of the members of the Review Panel. These allegations do not elevate Nobles's claim into a category different from the claim rejected in *Marco*. The underlying basis for both is the same: the arbitrary award of a public contract to an inferior bidder in contravention of Louisiana law. That basis was insufficient to state a valid substantive due process claim in *Marco*, and the addition of circumstantial allegations will not change that result here.

## III. CONCLUSION

The district court properly relied on *Marco* in dismissing Nobles's § 1983 claim. Nobles does not challenge the district court's decision to decline to exercise jurisdiction over the remaining state law claims, and we find nothing to indicate that the district court abused its discretion in declining to do so. *See Batiste v. Island Records Inc.*, 179 F.3d 217, 226 (5th Cir. 1999) ("We review a district court's decision to decline jurisdiction over pendent state-law claims for an abuse of discretion."). The judgment of the district court is AFFIRMED.