# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2021

Lyle W. Cayce
Clerk

No. 21-20009

Spec's Family Partners, Limited,

*Plaintiff—Appellant*,

*versus*

Dexter K. Jones; Emily E. Helm; Judith L. Kennison;
Matthew Edward Cherry,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
No. 4:18-CV-2670

---

Before Stewart, Ho, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Spec's Family Partners, Limited ("Spec's") appeals from the district's court dismissal of its 42 U.S.C. § 1983 suit against the Texas Alcoholic Beverage Commission ("TABC") for failure to state a claim. We

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20009

must decide whether the district court correctly concluded that qualified immunity required dismissal of Spec's' claim. We affirm.

**I.**

This case, now before us on appeal for the second time, arises out of an investigation and administrative proceedings initiated by the TABC against Spec's. The facts and procedural history are thoroughly laid out in our previous decision, so we confine our discussion to what is relevant to this appeal. *See Spec's Family Partners, Ltd. v. Nettles*, 972 F.3d 671, 674–75 (5th Cir. 2020).

During the investigation, Judith Kennison and "other representatives of the TABC" allegedly concealed documents from Kathy Anderson, a TABC auditor, to obtain testimony from her that Spec's violated the Texas Alcoholic Beverage Code. Kennison allegedly knew the documents did not establish any violation of the Code. Spec's asserts that the TABC used Anderson's testimony as leverage to force Spec's to settle and to supplement its allegations against Spec's.

During the administrative proceedings, a panel of administrative law judges resolved some of the TABC's charges in favor of Spec's as a matter of law, and the remainder went to a hearing. At the multi-day hearing, Spec's cross-examined Anderson, who stated that her earlier testimony was incorrect. The panel sided with Spec's on all but one of the charges, for which it recommended a warning.

Relevant here, Spec's then sued several TABC employees, including Kennison, Emily Helm, Dexter Jones, and Matthew Cherry (collectively "Defendants") under 42 U.S.C. § 1983, the Sherman Act, and state law, seeking declaratory and injunctive relief.

No. 21-20009

The district court dismissed all of Spec's' federal claims and declined to exercise supplemental jurisdiction over its state law malicious prosecution claims. We affirmed except as to Defendants' claim that they are entitled to absolute immunity for actions taken during the investigation and before the administrative proceedings began. *Spec's*, 972 F.3d at 680 & n.7. As to that claim, we held that Defendants were not acting in a prosecutorial capacity and therefore could not claim absolute immunity. *Id.* Thus, we remanded that issue. Accordingly, we also vacated the dismissal of Spec's' state law malicious prosecution claim on supplemental jurisdiction grounds. *Id.* at 684.

On remand, Defendants filed a new motion to dismiss based on qualified immunity. The district court determined that Spec's failed to show a violation of its constitutional rights and accordingly granted the motion to dismiss. The court again declined jurisdiction over the state law claims. Spec's timely appealed.

We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, Spec's must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We "take the well-pleaded factual allegations in the complaint as true" but do "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## II.

Spec's alleges that Defendants violated its Fourteenth Amendment due process rights when they allegedly concealed evidence during the investigatory phase of the TABC proceedings. Specifically, Spec's argues that the district court erred by "declin[ing] to extend due process protections

3

to an administrative case where there was a violation of Appellant's constitutional rights."

Defendants assert qualified immunity. "When a defendant raises a qualified immunity defense, the plaintiff has the burden of demonstrating the inapplicability of that defense. To meet this burden, the plaintiff must show (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) (quotations omitted).

Here, Spec's fails to plead sufficient facts to state a claim that Defendants violated its constitutional rights. "To state a Fourteenth Amendment due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quotations omitted). For the purposes of this appeal, we assume that Spec's has a protected property interest.

To plead a procedural due process violation, Spec's must plead sufficient facts to state a claim "that the deprivation of [its] property right occurred without due process of law." *Marco Outdoor Advert., Inc. v. Reg'l Trans. Auth.*, 489 F.3d 669, 672 (5th Cir. 2007). As the Supreme Court has made clear, "the fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Here, Spec's' own complaint indicates that it received both notice and an opportunity for a hearing before a panel of administrative law judges. The panel resolved some of the TABC's charges in favor of Spec's as a matter of law. The panel then conducted a multi-day evidentiary proceeding at which Spec's was able to rebut the TABC's charges. Specifically, Spec's cross-

examined Anderson and elicited a favorable admission that her previous testimony was incorrect. Ultimately, the panel ruled for Spec's on all charges except one, for which it only issued a warning. Spec's does not cite a single case that holds that the plaintiff can state a procedural due process deprivation sufficient to survive a motion to dismiss where the plaintiff had the opportunity to be heard in the administrative proceedings, cross-examined witnesses, and prevailed on all charges save for a warning.

Thus, we conclude that Spec's has failed to state a claim for a violation of a constitutional right. Because Spec's has not pleaded a violation, we do not address the clearly established prong.

Finally, a district court has discretion to decline supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). We review a decision to decline supplemental jurisdiction for abuse of discretion. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 226 (5th Cir. 1999). Because the district court correctly dismissed all of Spec's' federal law claims, it did not abuse its discretion in declining to exercise supplemental jurisdiction over Spec's' state law claims.

Accordingly, we AFFIRM.